# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,

    Plaintiff,

v.                                                   Case No. 08-CV-14130-DT

ROBERT JOHNSON,

    Defendant.

                                                    /

ROBERT JOHNSON,

    Defendant/Counter-Plaintiff,

v.

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY and MARCUS
MURRAY, as agent and employee at
MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,

    Plaintiffs/Counter-Defendants.

                                                    /

ROBERT JOHNSON,

    Third-Party Plaintiff,

v.

MARCUS MURRAY,

    Third-Party Defendant.

                                                    /

**OPINION AND ORDER GRANTING MOTION TO DISMISS AND
CONVERTING HEARING TO A STATUS CONFERENCE**

Pending before the court is a motion to dismiss the First Amended Counter Complaint filed by Plaintiff/Counter-Defendant Massachusetts Mutual Life Insurance Company ("MassMutual") on January 12, 2009.  The court has reviewed the briefs and determines that a hearing on the motions is unnecessary.  *See* E.D. Mich. LR 7.1(e)(2).  For the reasons stated below, the court will grant the motion.  The court will convert the March 11, 2009 hearing to a status conference.[1]

### I.  BACKGROUND

On September 25, 2008, Plaintiff MassMutual initiated this action against Defendant Robert Johnson by filing a complaint for rescission of a life insurance contract.  MassMutual alleges that Defendant Johnson and his wife made misrepresentations regarding her health and medical history on her life insurance application.  Specifically, MassMutual contends that following the issuance of the policy, but prior to signing the required Supplement, Ms. Johnson visited medical providers for treatment and diagnosis of a lump in her breast.  Ms. Johnson did not disclose these visits when she signed the Supplement, and MassMutual contends that these misrepresentations therefore justify rescission of the insurance contract.[2]

Defendant Johnson filed an answer and "Counter Complaint for Errors and Omissions By Insurance Agent" on November 5, 2008.   Defendant subsequently

---

[1]The parties should come prepared to discuss the pending motion to amend the scheduling order and what discovery efforts have been taken thus far.

[2]Ms. Johnson died due to breast cancer in December 2007, less than one year after issuance of the life insurance policy.

amended his counter complaint on December 18, 2008 by filing a "First Amended Counter Complaint and Third Party Complaint" against Plaintiff MassMutual as well as against MassMutual's agent, Marcus Murray.  In the Amended Counter Complaint, Johnson asserts that Marcus Murray is a licensed insurance agent selling life insurance policies to various customers for MassMutual.  (Am. Counter Compl. at ¶ 4.)  Johnson further asserts that Murray solicited him to procure life insurance from MassMutual, which Johnson and his wife thereafter acquired on February 26, 2007, in the face amount of $1,000,000.00.  (*Id.* at ¶¶ 5-6.)  According to Johnson, Murray pursued him "aggressively," regularly advised him and his deceased wife about the types and amounts of coverage needed, and that "a special relationship existed between" Murray and Johnson and his deceased wife.  (*Id.* at ¶¶ 7-9.)

Johnson also contends that Murray knew that Johnson and his wife already had a separate term life insurance and that Murray advised Johnson to stop making payments on that policy because the MassMutual policy was issued.  (*Id.* at ¶¶ 8-10.) The Amended Counter Complaint alleges that Murray "was totally aware of Defendant/Counter-Plaintiff's wife's health, medical history and relevant dates of treatment and notwithstanding, advised [Johnson] and his wife to terminate the policy with Illinois Mutual since Counter-Defendant's policy was in place and coverage granted."  (*Id.* at ¶ 11.)

Johnson asserts six counts against Counter-Defendant MassMutual and Third Party Defendant Murray: Count I, Negligence; Count II, Fraudulent Misrepresentation; Count III, Innocent Misrepresentation; Count IV, Misrepresentations to Induce Forfeiture; Count V, Misrepresentation of Terms, Advantages; and Count VI, Unfair

3

Trade Practices. MassMutual has moved to dismiss the Amended Counter Complaint, arguing that all six counts fail to state a claim upon which relief can be granted.[3]

On March 4, 2009, Johnson filed a motion to amend his Amended Counter Complaint and Third Party Complaint. The March 4, 2009 motion has not yet been fully briefed, and this order does not address the merits of the motion to amend.

## II.  STANDARD

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *Evans-Marshall v. Board of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble,* 301 F.3d 482, 489 (6th Cir. 2002). In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County*, 220 F.3d 433, 466 (6th Cir. 2000).

Though decidedly generous, this standard of review does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

---

[3] Third Party Defendant Murray has yet to file an answer to the Third Party Complaint.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (citing Fed. R. Civ. P. 8(a)).  Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on different grounds by *Twombly*, 127 S.Ct. 1955).  In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory."  *Lillard*, 76 F.3d at 726 (citation omitted).  A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations.  *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

### III.  DISCUSSION

#### A.  Count I: Negligence

In his claim for negligence, Johnson asserts that MassMutual and Murray owed him certain duties, including, but not limited to, the following:

1. to use reasonable care and skill in procuring and placing Johnson's insurance coverage and to provide competent advice about the placement and procurement of insurance coverage;

2. to properly obtain adequate insurance on Johnson and his wife when Murray had a duty to do so because of the special relationship that existed and when Murray undertook this duty by discussing Johnson's life situation to determine coverage; and

3. to procure a policy as requested by Johnson.

(Am. Counter Compl. at ¶ 13.)  Johnson alleges that Murray knew of his wife's medical appointments and diagnosis when advising him and his wife.  (*Id.*)  Johnson further contends that Murray breached these duties and that, when doing so, he was acting within the scope of his employment and authority with MassMutual.  (*Id.* at ¶ 14.)

To assert a prima facie case of negligence, Johnson must allege four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages. *Case v. Consumers Power Co.,* 615 N.W.2d 17, 20 (Mich. 2000) (footnote omitted) (citing *Schultz v. Consumers Power Co.*, 506 N.W.2d 175 (Mich. 1993)). However, under Michigan common law, "an insurance agent whose principal is the insurance company owes no duty to advise a potential insured about any coverage." *Harts v. Farmers Ins. Exchange,* 597 N.W.2d 47, 50 (Mich. 1999). Because agents such as Murray owe fiduciary duties to the insurance company, his "job is to merely present the product of his principal and take such orders as can be secured from those who want to purchase the coverage offered." *Id.* The Michigan Supreme Court has explained: "This limited role for the agent may seem unusually narrow, but it is well to recall that this is consistent with an insured's obligation to read the insurance policy and raise questions concerning coverage within a reasonable time after the policy has been issued." *Id.* at 51 n.6 (citing *Parmet Homes, Inc. v. Republic Ins. Co.*, 314 N.W.2d 453 (Mich. Ct. App. 1981)).

Under the facts as asserted in the Amended Counter Complaint, Murray was MassMutual's agent and thus owed no duty to Johnson under the common law. Nonetheless, a limited exception to this general rule exists when "an event occurs that alters the nature of the relationship between the agent and the insured," creating a "'special relationship' that gives rise to a duty to advise on the part of the agent." *Id.* at 51 (citations omitted). In *Harts*, the Michigan Supreme Court identified four situations which would give rise to a "special relationship" and create a duty to advise:

6

> (1)   the agent misrepresents the nature or extent of the coverage offered or provided,
>
> (2)    an ambiguous request is made that requires a clarification,
>
> (3)   an inquiry is made that may require advice and the agent, though he need not, gives advice that is inaccurate, or
>
> (4)   the agent assumes an additional duty by either express agreement with or promise to the insured.

*Id.* at 52 (footnotes omitted).

Johnson contends that he has stated a claim against MassMutual, but he does not specifically allege, nor even argue, which of the *Harts* exceptions apply. His Counter Complaint alleges that a "special relationship" existed between him, his wife, and Murray (Am. Counter Compl. at ¶ 13), but, other than this general allegation, he does not further elucidate the details of the alleged relationship. Johnson alleges that the "special relationship" arose when Murray undertook to discuss Johnson's and his wife's "life situation" and to advise them on coverage. (*Id.*) This, in and of itself, with no further allegation, is simply not "enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true." *Twombly*, 127 S.Ct. at 1965. Indeed, if the court were to accept Johnson's allegations, then any interaction between an agent and an insured would give rise to a "special relationship," and the exceptions would thus swallow the rule.

Johnson must do more than merely invoke the catch phrase "special relationship" and refer to prior, unspecified, allegations. *Id.* at 1970 (rejecting a conspiracy claim because "[a]lthough in form a few stray statements speak directly of agreement, on fair reading these are merely legal conclusions resting on the prior allegations."). As the

7

*Twombly* Court stated, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (internal citations omitted).

Drawing, as the court must, all reasonable inferences in favor of Johnson, *Directv, Inc.,* 487 F.3d at 476, the court cannot discern how Murray's situation fits into the *Harts* exceptions. Without such an allegation, the court is left with only the general rule in Michigan that "an insurance agent whose principal is the insurance company owes no duty to advise a potential insured about any coverage." *Harts,* 597 N.W.2d at 50. Under this law, Johnson's claim cannot proceed, and MassMutual's motion will be granted.[4]

### B. Counts II & III: Fraudulent and Innocent Misrepresentation

Under Count II, Johnson asserts a claim for fraudulent misrepresentation, and under Count III, he asserts an innocent misrepresentation claim. MassMutual argues that these claims must be dismissed for failure to plead fraud with specificity.[5]

---

[4]In other words, because Johnson has failed to state a claim against Murray, by extension he has failed to stated a claim against MassMutual. *See Hart,* 597 N.W.2d at 52 ("Because plaintiffs cannot establish liability against Mr. Pietrzak, the agent, they likewise cannot establish vicarious liability against Farmers, the principal.").

[5]MassMutual also argues that the relevant statements do not constitute fraud as a matter of law because they are a salesman's effort at selling his product, or "puffing" statements. Because the court cannot discern from the Amended Counter Complaint upon which statements Johnson is relying, the court cannot determine whether they statements are actionable or whether they are indeed "puffing" statements.

Under Michigan, to state a claim for fraudulent misrepresentation, Johnson must allege that:

(1) Murray made a material representation,

(2) the representation was false,

(3) when making the representation, Murray knew or should have known it was false,

(4) Murray made the representation with the intention that Johnson would act upon it, and

(5) Johnson acted upon it and suffered damages as a result.

*Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 553 (Mich. Ct. App.1999) (citing *M&D, Inc. v. W. B. McConkey*, 585 N.W.2d 33 (Mich. Ct. App. 1998).  Similarly, a claim of innocent misrepresentation is shown if a party to a contract detrimentally relies on a false representation in such a manner that the injury suffered by that party inures to the benefit of the party who made the representation. *Id.*

The Federal Rules impose a heightened pleading requirement on parties asserting fraud, providing that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b). Johnson's fraud claims must therefore "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen Corp.*, 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998)).  "At a minimum, [Johnson] must allege the time, place and contents of the misrepresentations upon which [he] relied."  *Id.* (citing *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984)).

9

Johnson's Amended Counter Complaint wholly fails to meet this standard. The only statement identified in Count II is that Murray stated that the "life insurance would adequately cover [Johnson] and his wife." (Am. Counter Compl. at ¶ 17.) Other than this statement, Counts II and III only refer generally to "the representations" without identifying them with any specificity. The court finds that these two counts fail to meet the pleading requirements of Rule 9, and will therefore be dismissed.

### C. Counts IV & V: Misrepresentations to Induce Forfeiture and Misrepresentation of Terms, Advantages

In Counts IV and V, Johnson appeared to assert claims under the Unfair Trade Practices Act. MassMutual moved to dismiss this claim because Michigan law does not provide a private cause of action for an alleged violation of the Unfair Trade Practices Act ("UTPA"). *Crossley v. Allstate Ins. Co.,* 400 N.W.2d 625, 627 (Mich. Ct. App.1986) ("[N]o private cause of action exists in tort for a violation of the UTPA."); *Young v. Michigan Mut. Ins. Co.,* 362 N.W.2d 844, 846 (Mich. Ct. App. 1984) (holding that no private cause of action exists in tort for a violation of the UTPA). In response, Johnson states that he is not asserting a cause of action under UTPA, but is bringing common law fraud claims. Accordingly, Johnson's Counts IV and V must be dismissed for the same reason as Counts II and III, namely, they fail to plead fraud with specificity. MassMutual's motion will be granted on these claims.

### D. Count VI: Unfair Trade Practices

In Count VI, Johnson contends that he is entitled to a statutory remedy of twelve percent interest on all insurance claims that MassMutual refused to pay on a timely basis despite its purported requirement to do so. (Am. Counter Compl. at ¶ 24.) As

MassMutual points out, however, Johnson has not brought any breach of contract claim against MassMutual. Johnson fails to explain how he can be entitled to twelve percent interest on any insurance proceeds that he has failed to seek in a breach of contract claim. Accordingly, this count must also be dismissed.

### IV.  CONCLUSION

IT IS ORDERED that MassMutual's motion to dismiss [Dkt. # 24] is GRANTED, and the Amended Counter Complaint [Dkt. # 17] is DISMISSED as to MassMutual.[6]

IT IS FURTHER ORDERED that the March 11, 2009 hearing is CONVERTED into a status conference which counsel for all parties, including Murray's counsel, are required to attend.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 6, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 6, 2009, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\08-14130.MASSMUTUALLIFE.Dismiss.CounterComplaint.wpd

---

[6]Until further order of the court, or likely by stipulation of the parties, the Amended Third Party Complaint remains pending against Murray.