UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,

    Plaintiff,

v.                                                              Case No. 08-CV-14130-DT

ROBERT JOHNSON,

    Defendant.
_____/

ROBERT JOHNSON,

    Defendant/Counter-Plaintiff,

v.

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY and MARCUS
MURRAY, as agent and employee at
MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,

    Plaintiffs/Counter-Defendants.
_____/

ROBERT JOHNSON,

    Third-Party Plaintiff,

v.

MARCUS MURRAY,

    Third-Party Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND AND SETTING DEADLINES TO FILE AMENDMENT**

Pending before the court is a "Motion to Amend the Counter Complaint and Third Party Complaint" filed by Defendant/Counter-Plaintiff Robert Johnson on March 4, 2009. The motion is opposed by Plaintiff/Counter-Defendant Massachusetts Mutual Life Insurance Company ("MassMutual") and Third Party Defendant Marcus Murray. Having reviewed the briefs, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion in part and grant the motion in part.

## I. BACKGROUND[1]

On September 25, 2008, Plaintiff MassMutual initiated this action against Defendant Robert Johnson by filing a complaint for rescission of a life insurance contract. MassMutual alleges that Defendant Johnson and his wife made misrepresentations regarding her health and medical history on her life insurance application. Specifically, MassMutual contends that following the issuance of the policy, but prior to signing the required Supplement, Mrs. Johnson visited medical providers for treatment and diagnosis of a lump in her breast. Mrs. Johnson died due to breast cancer in December 2007, less than one year after issuance of the life insurance policy. Mrs. Johnson did not disclose the medical visits related to her breast lump when she signed the Supplement, and MassMutual contends that these omissions constitute misrepresentations justifying rescission of the insurance contract.

---

[1]Relevant facts are set forth in the court's March 6, 2009 order and reproduced here.

Defendant Johnson filed an answer and "Counter Complaint for Errors and Omissions By Insurance Agent" on November 5, 2008.  Defendant subsequently amended his counter complaint on December 18, 2008 by filing a "First Amended Counter Complaint and Third Party Complaint" against Plaintiff MassMutual as well as against MassMutual's agent, Marcus Murray.  In the Amended Counter Complaint, Johnson asserted that Marcus Murray is a licensed insurance agent selling life insurance policies to various customers for MassMutual.  (Am. Counter Compl. at ¶ 4.)  Johnson further asserted that Murray solicited him to procure life insurance from MassMutual, which Johnson and his wife thereafter acquired on February 26, 2007, in the face amount of $1,000,000.00.  (*Id.* at ¶¶ 5-6.)  According to Johnson, Murray pursued him "aggressively," regularly advised him and his wife about the types and amounts of coverage needed, and that "a special relationship existed between" Murray and Johnson and his wife.  (*Id.* at ¶¶ 7-9.)

Johnson also contended that Murray knew that Johnson and his wife already had a separate term life insurance and that Murray advised Johnson to stop making payments on that policy because the MassMutual policy was issued.  (*Id.* at ¶¶ 8-10.)  The Amended Counter Complaint alleged that Murray "was totally aware of Defendant/Counter-Plaintiff's wife's health, medical history and relevant dates of treatment and notwithstanding, advised [Johnson] and his wife to terminate the policy with Illinois Mutual since Counter-Defendant's policy was in place and coverage granted."  (*Id.* at ¶ 11.)

Johnson asserted six counts against Counter-Defendant MassMutual and Third Party Defendant Murray: Count I, Negligence; Count II, Fraudulent Misrepresentation;

Count III, Innocent Misrepresentation; Count IV, Misrepresentations to Induce Forfeiture; Count V, Misrepresentation of Terms, Advantages; and Count VI, Unfair Trade Practices.  MassMutual moved to dismiss the Amended Counter Complaint, which the court granted on March 6, 2009.  On March 24, 2009, presumably due to the findings of the court in the March 6 order, MassMutual and Murray stipulated that the First Amended Third Party Complaint be dismissed as to Murray.

On March 4, 2009, prior to the court's order granting the motion to dismiss, Johnson filed a motion to amend his Amended Counter Complaint and Third Party Complaint.  Johnson's proposed "Second Amended Counter Complaint and Third Party Complaint" ("SACC") bases its allegations on the same essential facts as those set forth in the Amended Counter Complaint, but proposes the following six counts against Counter-Defendant MassMutual and Third Party Defendant Murray: Count I, Negligence; Count II, Fraudulent Misrepresentation; Count III, Innocent Misrepresentation; Count IV, Breach of Contract; Count VI, Errors and Omissions by Insurance Agent; Count VII, Claim for Statutory Interest in the Amount of 12% Pursuant to MCL 500.2006 Unfair Trade Practices.[2]  On March 23, 2009 MassMutual and Marcus Murray each filed separate responses to Johnson's proposed second amended complaint.   MassMutual contends that Johnson's motion should be denied because four of the six counts fail to state claims upon which relief can be granted.  Murray has contends that all six of the counts fail to state claims upon which relief can be granted against him personally.  On March 31, 2009 Johnson filed replies to MassMutual and

---

[2]Johnson misnumbered the counts in his proposed Second Amended Counter Complaint; there is no "Count V".

4

Murray's responses.

## II. STANDARD

The decision whether to grant leave to amend the pleadings is governed by Federal Rule of Civil Procedure 15. Rule 15 provides that, after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the decision whether to permit an amendment, some of the factors which may be considered by the trial court are 'undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.'" *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990) (citing *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)). "Upon a plaintiff's request for leave to amend the complaint, a district court is obliged to give leave freely "when justice so requires." *Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003).

The court may deny a motion to amend pleadings if the proposed claims would be futile. *Blakely v. United States*, 276 F.3d 853, 874. (6th Cir. 2002). Claims are futile if they could not survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal for failure to state a claim under Rule 12(b)(6) is proper when, accepting all of the plaintiff's allegations as true, the plaintiff can prove no set of facts that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). Under this standard,

> a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

> requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (citing Fed. R. Civ. P. 8(a)).

### III.  DISCUSSION

#### A.  COUNT I:  NEGLIGENCE

As set forth in the court's March 6, 2009, order, in order to make out a prima facie case of negligence, Johnson must allege four elements: (1) a duty owed to defendant by the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages. *Case v. Consumers Power Co.*, 615 N.W.2d 17, 20 (Mich. 2000) (footnote omitted) (citing *Shultz v. Consumers Power Co.*, 506 N.W.2d 175 (Mich. 1993)).  However, insurance agents typically posses no duty to a potential insured under Michigan common law, "an insurance agent whose principal is the insurance company owes no duty to advise a potential insured about any coverage." *Harts v. Farmers Ins. Exchange*, 597 N.W.2d 47, 50 (Mich.1999).  Because agents, like Murray, owe fiduciary duties to the insurance company, their "job is to merely present the product of his principal and take such orders as can be secured from those who want to purchase the coverage offered." *Id*.  The Michigan Supreme Court has explained: "This limited role for the agent may seem unusually narrow, but it is well to recall that this is consistent with an insured's obligation to read the insurance policy and raise questions concerning coverage within a reasonable time after the policy has been issued." Id. At 51 n.6 (citing *Parmet Homes, Inc. V. Republic Ins. Co.*, 314 N.W.2d 453 (Mich. Ct. App. 1981)).

Despite this general rule, an agent can assume a duty toward a potential insured if a "special relationship" is created when "an event occurs that alters the nature of the relationship between the agent and the insured." *Id.* at 51 n.4 (citations omitted). In *Harts*, the Michigan Supreme Court identified four situations that give rise to a "special relationship" and create a duty for the agent:

> (1) the agent misrepresents the nature or extent of the coverage offered or provided,
>
> (2) an ambiguous request is made that requires a clarification,
>
> (3) an inquiry is made that may require advice and the agent, though he need not, gives advice that is inaccurate, or
>
> (4) the agent assumes an additional duty by either express agreement with or promise to the insured.

*Id.* at 52 (footnotes omitted).

Johnson's negligence claim was rejected in his First Amended Counter Complaint and Third Party Complaint because he failed to support it with the facts necessary to qualify it as one of the four *Harts* exceptions. His proposed SACC suffers from the same defect. Johnson again generally alleges that a special relationship existed (*See* SACC ¶ 31), but again fails to specify which of the four *Harts* exceptions purportedly apply. As before, the facts set forth in the SACC, accepted as true, do not provide a basis to find a special relationship under *Harts*.

In his reply briefs, Johnson argues, for the first time, that Murray and Johnson have a long-time relationship and that the two were former business partners. However, this allegation, asserted in his briefs and not the proposed pleadings, does

not establish a "special relationship." Indeed, *Harts* held that "we do not subscribe to the possible reading of *Bruner* that holds reliance on the length of the relationship between the agent and the insured is the dispositive factor in transforming the relationship into one in which the traditional common-law 'no duty' principle is abrogated." *Harts*, 597 N.W.2d at 51-52. Rather, the court looks to the enumerated *Harts* exceptions.

When considering the remaining allegations in the proposed SACC, the court is still unable to discern how Murray's allegations fit into these exceptions. (*See* SACC at ¶¶ 30-34). These are essentially the same allegations that were produced in Johnson's First Amended Counter Complaint. As a result, Murray falls under the general rule that "an insurance agent whose principle is the insurance company owes no duty to advise a potential insured about any coverage." *Harts*, 597 N.W.2d at 50. The court finds that amendment on this count would therefore be futile and Johnson's motion will be denied as to this count.

### B. COUNTS II & III: FRAUDULENT AND INNOCENT MISREPRESENTATION

In Count II of the SACC, Johnson asserts a claim for fraudulent misrepresentation and in Count III he asserts an innocent misrepresentation claim.

Under Michigan law, to state a claim for fraudulent misrepresentation, Johnson must allege that:

(1)     Murray made a material representation,

(2)     the representation was false,

(3)     when making the representation, Murray knew or should have known it was false,

>  (4) Murray made the representation with the intention that Johnson would act upon it, and
>
>  (5) Johnson acted upon it and suffered damages as a result.

*Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 553 (Mich. Ct. App.1999) (citing *M&D, Inc. v. W. B. McConkey*, 585 N.W.2d 33 (Mich. Ct. App. 1998).

In order to state a claim for innocent misrepresentation, Johnson must show that he detrimentally relied on a false representation in such a manner that the injury suffered by him inures to the benefit of the party who made the representation. *Id.* The Federal Rules impose a heightened pleading requirement on parties asserting fraud, providing that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Johnson's fraud claims must therefore "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen Corp.,* 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998)). "At a minimum, [Johnson] must allege the time, place and contents of the misrepresentations upon which [he] relied." *Id.* (citing *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984)).

Johnson's Second Amended Counter Complaint fails to meet this standard for the same reasons as did the allegations in his First Amended Counter Complaint. Johnson only alleges one arguable "statement" ("that there would be no problem obtaining coverage from Mass Mutual", SACC ¶ 35) amidst a host of overly broad and non-specific allegations that Murray "advised" Johnson, or "encouraged" Johnson in

9

certain ways.  (*See* SACC at ¶¶ 11, 13, 15, 24, 29, 37.).  Additionally, Johnson fails to allege any dates with specificity, making only a general allegation that an unspecified number of statements were made sometime in January and February of 2007 (*Id.* at ¶¶ 10 & 35) and that an additional unspecified number of statements were made.  (*Id.* at ¶¶ 11, 13, 15, 24, 29, 35, 37).  The court finds that, as before, these two counts fail to meet the heightened pleading requirements of Rule 9(b), and as a result Johnson's proposed amendment would be futile.

### C.  COUNT IV: BREACH OF CONTRACT

MassMutual does not specifically attack Johnson's proposed breach of contract claim, instead arguing that "four of the six counts asserted in the proposed [SACC] fail to state claims upon which relief can be granted."  (MassMutual Mot. Resp. at 1.) Because MassMutual does not challenge the proposed breach of contract, and because the court finds that it is at least facially sufficient to state a claim, the court will allow Johnson to amend his pleadings to assert this claim against MassMutual.

However, Johnson does not clearly allege whether the breach of contract claim applies to only MassMutual or also to Murray.  In his reply, Johnson fails to address Murray's contention that the contract was solely between MassMutual and Johnson, that Murray was not a part of the contract, and that as a result Murray could not have breached the contract.  Inasmuch as Johnson has not disputed this contention, and his pleadings do not, on their face,[3] appear to assert a breach of contract claim against

---

[3]Indeed, the breach of contract claim asserts that "Plaintiff/Counter Defendant's, Mass Mutual['s], conduct as described in this complaint constituted a breach of contract between the parties.  (SACC ¶ 57.)  Not only is this allegation phrased in the singular form, "*Defendant's*", but it only specifies MassMutual, not Murray.

10

Murray personally, the court confirms that the claim is only proposed against MassMutual. Johnson's motion will therefore only be granted on this claim as to MassMutual.

### D.  COUNT VI: ERRORS AND OMISSIONS BY INSURANCE AGENT

In Johnson's fifth proposed claim (labeled as "Count VI"), he makes another attempt to plead a negligence claim against Murray. Although entitled "Errors and Omissions by Insurance Agent," the substance of the allegations sound in negligence. For the reasons discussed above, this claim is futile as pleaded. While Johnson alleges that Murray owed and breached eleven different duties towards him, he has not set forth how these "duties" fit within the *Harts* exceptions. In order to survive the standard for failure to state a claim Johnson must allege "more than labels and conclusions." *Twombly*, 550 U.S. at 555. However, here, Johnson only alleges that there was a duty and that it was breached. Johnson has failed to satisfy the additional requirements of *Harts* when attempting to assert a claim against the agent of the insurance company. Johnson's motion on this claim will therefore be denied.

### E.  COUNT VII: CLAIM FOR STATUTORY INTEREST IN THE AMOUNT OF 12% PURSUANT TO MCL 500.2006 UNFAIR TRADE PRACTICES

This "count" is actually not a separate cause of action but a claim for additional recovery in the event Johnson's breach of contract claim is successful. MassMutual does not challenge this claim and the court will allow Johnson to assert it against MassMutual. Because Johnson has not asserted or proposed a breach of contract claim against Murray, this contingent claim will not be allowed against Murray.

### IV.  CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Robert Johnson's motion to amend [Dkt. # 34] is GRANTED IN PART and DENIED IN PART.

Specifically, it is GRANTED with respect to Robert Johnson's claims for breach of contract and statutory interest in the amount of 12% pursuant to MCL 500.2006 against Mass Mutual.  It is DENIED in all other aspects with respect to Mass Mutual.

It is DENIED in all aspects with respect to Murray.

Robert Johnson is therefore DIRECTED to file a Second Amended Counter-Complaint against MassMutual asserting only the breach of contract and statutory interest claims, properly numbered as Count I and Count II, on or before **July 1, 2009.** MassMutual shall file its answer by **July 10, 2009.**

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 24, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 24, 2009, by electronic and/or ordinary mail.

  S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

12

S:\Cleland\JUDGE'S DESK\C3 ORDERS\08-14130.MASSMUTUAL.Amend.wpd